UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN BYRD | CIVIL ACTION NO. 20-1282 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| SCOTT P. NELSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are two motions to dismiss filed by Defendants in this matter. Record Documents 17 and 27. Both motions argue that Plaintiff's claims must be dismissed because they have prescribed. Record Documents 17-1 and 27-1. Plaintiff opposes both motions. Record Documents 19 and 29. For the reasons stated herein, Defendants' motions [Record Documents 17 and 27] are **GRANTED**.

### I. Background

Plaintiff Kevin Byrd alleges that on August 29, 2019, he was arrested by officer Defendants Scott Nelson, Michael Balkom, Matthew Hannah, and Keith Hardin in Bossier City, Louisiana. Record Document 15 at ¶ 9. He alleges that during the course of the arrest, the officers "stretched or assisted in stretching [Plaintiff's] shoulder out of socket causing a massive rotator cuff tear, severe and debilitating pain, and obvious deformity." *Id.* at ¶ 10.

On October 1, 2020, Plaintiff filed suit. Record Document 1. He brought an excessive force claim pursuant to 42 U.S.C. § 1983, a failure to intervene claim pursuant to § 1983, state law excessive force and failure to intervene claims, and a state law negligence claim. *Id.* at 3-4. Plaintiff filed his first amended complaint on October 8, 2020.

Record Document 8. On January 13, 2021, Plaintiff again amended his complaint. Record Document 15. Plaintiff's second amended complaint is modified to correctly identify the employer for each of the named officer Defendants. Record Document 15. It brings claims pursuant to § 1983 for alleged excessive force, failure to intervene, and failure to supervise in violation of the United States Constitution. *Id.* at 4-5. Plaintiff alleges state law constitutional violations, state law battery claims, and state law negligence claims. *Id.* at 6.

## II. Law and Analysis

### A.   12(b)(6) Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not

evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

### B. Prescription of Plaintiff's Federal Law Claims

Defendants argue that all of Plaintiff's claims are facially prescribed because they have a one-year prescriptive period, the incident at issue occurred on August 29, 2019, and Plaintiff did not file suit until more than one year later on October 1, 2020. Record Documents 17-1 at 11-12 and 27-1 at 2. They contend that extensions of the prescriptive period issued by the Louisiana Governor and Louisiana Legislature related to the COVID-19 pandemic are inapplicable to the instant case. Record Documents 17-1 at 12-14 and 27-1 at 5-6.

Plaintiff contends that prescription of § 1983 claims is regulated by state law and presents two reasons why his federal and state claims are not prescribed under Louisiana law.[1] Record Document 29 at 1. First, he contends that COVID-19 related extensions of the prescriptive period are applicable to his case, thus meaning he had until December 18, 2020 to file suit. *Id.* at 4. Second, he argues that his claims are subject to a two-year prescriptive period because he is bringing claims arising out of a "crime of violence," which have a two-year prescriptive period under Louisiana law. *Id.* at 5-8.

---

[1] While Plaintiff addresses prescription of the state and federal claims together, the Court addresses them separately.

3

Plaintiff is correct that 42 U.S.C. § 1983 does not contain its own statute of limitations and instead borrows the state's statute of limitations. *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 389–90 (5th Cir. 2020). However, when a state "has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions . . . the residual or general personal injury statute of limitations applies." *Id.* at 390 (quoting *Owens v. Okure*, 488 U.S. 235, 236 (1989)). In Louisiana, this is the one-year prescriptive period contained in Louisiana Civil Code article 3492. *Id.*; *Edwards v. Lewis*, No. 2:21-CV-00560, 2021 WL 3363555, at *3 (W.D. La. July 15, 2021), *report and recommendation adopted*, No. 2:21-CV-00560, 2021 WL 3359984 (W.D. La. Aug. 2, 2021) (collecting cases). Thus, even if Plaintiff is correct that his state law claims are subject to a two-year prescriptive period because they arise from a "crime of violence," a one-year prescriptive period applies to Plaintiff's federal law claims, and his claims prescribed on August 30, 2020 unless some exception applies.

Plaintiff contends that prescription was suspended from March 17, 2020 to July 5, 2020 pursuant to Proclamation Number JBE 2020-30 issued by the Louisiana Governor and the Louisiana Legislature's ratification of that proclamation. This is incorrect. Louisiana Revised Statute § 9:5829 became effective June 2020 and provides that:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; *however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.* The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

4

La. Rev. Stat. § 9:5829(A) (emphasis added). The one-year prescriptive period for Plaintiff's federal claims did not expire between March 17, 2020 and July 5, 2020 and, thus, the statute did not suspend prescription for his claims.

Because Plaintiff's federal law claims are prescribed, Defendants' motions to dismiss [Record Documents 17 and 27] are **GRANTED** in this respect and Plaintiff's federal law claims are **DISMISSED with prejudice**. The Court now turns to Plaintiff's state law claims.

### C. Plaintiff's State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court must next consider whether it is proper to exercise jurisdiction over Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the Court has dismissed all claims over which it has original jurisdiction, and thus declines to exercise jurisdiction over Plaintiff's pendant state law claims. *Bradley*, 958 F.3d at 396 ("Since [the plaintiff's] § 1983 claims failed, dismissal of the pendant state-law claims was within the district court's discretion.") Further, the Court "observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's

5

state law claims remains an issue within the particular province and expertise of the state courts." *Williams v. Ouachita Par. Sheriff's Dep't*, No. CV 17-0060, 2017 WL 4401891, at *4 (W.D. La. Aug. 28, 2017), *report and recommendation adopted,* No. CV 17-0060, 2017 WL 4399277 (W.D. La. Oct. 3, 2017). Thus, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and Plaintiff's state law claims are **DISMISSED without prejudice**.

### III. Conclusion

For the reasons stated herein, Defendants' motions [Record Documents 17 and 27] are **GRANTED**. Plaintiff's federal claims are **DISMISSED with prejudice**. Plaintiff's state law claims are **DISMISSED without prejudice**. A judgment will issue herewith.

**THUS DONE AND SIGNED** this 24th day of August, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE